No. 58,627

STATE OF KANSAS, *Appellant,* v. MARION E. DREHER, *Appellee.*

(717 P.2d 1053)

Opinion filed May 2, 1986.

*Gene M. Olander,* district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Arthur R. Weiss,* assistant district attorney, were with him on the brief for appellant.

*William K. Rork,* of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is an appeal by the State from an order dismissing the charges against Marion E. Dreher for violation of the speedy trial statute.

The facts are not in dispute. Dreher was charged with driving under the influence of alcohol or drugs (K.S.A. 1985 Supp. 8-1567) and failure to give a signal when making a turn (K.S.A. 8-1548).

His first appearance and arraignment was October 11, 1984, at which time he requested a trial to the court. Trial was set for December 5, 1984, at 4:00 p.m. On that date, it was discovered that notices of the trial date had not been sent to counsel. Therefore the case was continued until February 1, 1985. Prior to the new trial date, the State requested and was granted a continuance for an additional twelve days, to February 12, 1985.

On February 4, 1985, Dreher filed a demand for jury trial. At the time, one hundred fifteen days had transpired after arraign-

ment. A new trial date was set for April 29, 1985. The setting was two hundred days after Dreher's arraignment. Accordingly, on April 22, 1985, he filed a motion to dismiss the charges against him based upon violation of his statutory right to speedy trial. The trial judge denied Dreher's motion on April 29, 1985. Based upon this ruling, Dreher waived any claim of lack of speedy trial subsequent to April 29, 1985, and requested the case be continued for possible diversion. When it was discovered Dreher was not eligible for diversion due to a previous conviction for an alcohol-related offense, the case was again set for jury trial. Prior to commencement of the trial, Dreher renewed his motion to dismiss, alleging speedy trial violations. This time his motion was sustained. The State appeals the dismissal pursuant to K.S.A. 22-3602(b)(1).

The sole issue on appeal is whether the delay resulting from Dreher's demand for a jury trial caused the delay in the trial setting beyond the 180-day speedy trial provision, K.S.A. 22-3402(2).

The relevant portion of that statute provides:

"(2) If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, *unless the delay shall happen as a result of the application or fault of the defendant,* or a continuance shall be ordered by the court under subsection (3)." (Emphasis added.)

The State places emphasis on the italicized portion of the statute and contends the delay in bringing Dreher to trial was a result of "the application or fault of the defendant." Specifically, the State argues the appellee's request for jury trial on February 4, 1985, necessitated a delay in trial until April 29, 1985, and the appellee was not entitled to dismissal of the charges for violation of the speedy trial statute.

The burden of bringing an accused to trial within the allotted time is on the State. A defendant is not required to take any affirmative action to see that his right is observed. However, in computing the amount of time between arraignment and trial, delays which are caused by the "application or fault" of the defendant are not to be counted. *State v. Bean,* 236 Kan. 389, 391-92, 691 P.2d 30 (1984).

Dreher admits a delay in the trial was a foreseeable consequence of his request for trial by jury. However, he points out

that despite his request, the trial court could still have set a new trial date within the 180-day statutory period since sixty some days remained within that period on the date of his request.

His argument has merit for a number of reasons.

First, we have held that any additional period of time assessed against a defendant due to the necessity of rescheduling a trial because of his fault should be limited to a *reasonable time* measured by the particular circumstances of the case. *State v. Bean,* 236 Kan. at 393; *State v. Sherman,* 217 Kan. 326, 330, 536 P.2d 1373 (1975).

The trial court, in its order dismissing the charges, noted that when Dreher requested a jury trial on February 4, 1985, the court had until April 9, 1985, to set the matter for jury trial and still be within the 180 days prescribed by statute. The trial court further stated it was "unreasonable" for the case to be delayed two and one-half months simply because a demand for jury trial was made, particularly here, where trial would only take approximately one day.

Additionally, the court noted that even if it could not schedule Dreher's trial for the period of time between February 5, 1985, and April 9, 1985, because of a "crowded docket," it could have extended the time for trial an additional 30 days under K.S.A. 22-3402(3)(d). That statute provides:

"(3) The time for trial may be extended beyond the limitations of subsections (1) and (2) of this section for any of the following reasons:

. . . .

"(d) Because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed for trial by this section. Not more than one continuance of not more than thirty (30) days may be ordered upon this ground."

In order for this exception to apply, however, the State must show that a continuance was granted by the trial court during the 180-day statutory period. *State v. Cox,* 215 Kan. 803, 805, 528 P.2d 1226 (1974). Since no such action was taken, this exception did not apply and there was no basis for extending trial beyond the 180-day statutory period. Accordingly, the court held Dreher was denied a speedy trial and his case was dismissed.

Thus, even though Dreher's request for a jury trial necessitated a continuance, it is unreasonable to charge him with the additional sixty-five days remaining within the 180-day period

on February 4, 1985. The court had sufficient time to reschedule the trial and comply with the statute.

The judgment of the trial court is affirmed.