No. 64,514

STATE OF KANSAS, *Appellant,* v. BRADFORD J. SMITH, *Appellee.*

(799 P.2d 497)

Opinion filed October 26, 1990.

*Stephen M. Howe,* assistant district attorney, argued the cause, and *Gene M. Olander,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellant.

*William R. Vincent,* of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This is a "speedy trial" case arising from a multi-count, misdemeanor/felony complaint. The issue is presented to us by the State's appeal pursuant to K.S.A. 22-3602(b)(1). The trial court dismissed the misdemeanor driving while under the influence (DUI) count against defendant Bradford J. Smith. The dismissal was grounded upon the trial court's determination that the State failed to comply with K.S.A. 22-3402(2) (the 180-day "after arraignment" speedy trial statute).

We hold that 180 days had not run. We reverse the trial court.

Facts

Smith was arrested on January 19, 1989, for driving while his license was suspended, DUI, and speeding. A court appearance date of February 2, 1989, was stated on the bond.

Smith asserts that his attorney: (1) called the clerk's office on February 1, 1989, pursuant to the instructions on the appearance bond, (2) was informed that charges had not yet been filed, and (3) requested that the case be set for trial.

On June 27, 1989, the State filed a multi-count complaint charging Smith with a class E felony, driving while a habitual violator (K.S.A. 8-287), and two misdemeanors, DUI and speeding.

The criminal appearance docket notes: "7/20/89 set—Preliminary Hearing—8/11/89 at 9:00 a.m. in div. 11."

On August 10, 1989, Smith filed a K.S.A. 22-3402(2) motion to dismiss the "instant proceedings" for failure of the State to bring him to trial on the misdemeanor count within 180 days from arraignment.

On August 11, 1989, Smith appeared in person and by counsel. He was bound over for trial. The motion to dismiss was taken under advisement.

The trial court heard Smith's motion to dismiss on November 2, 1989, at the time the case was set for trial. During oral argument before the trial court, Smith stated the motion was directed only at the DUI count. Smith asserted that his arraignment date for the DUI count was February 2, 1989, the date stated in his appearance bond. The State contended the arraignment date was August 11, 1989. The trial court agreed with Smith and granted his motion to dismiss the misdemeanor DUI charge. After

the trial court's ruling on the motion, the State voluntarily dismissed the speeding charge. Smith plead nolo contendere to the remaining count of driving while a habitual violator, a class E felony.

## Statutory Right to A Speedy Trial

Smith contends that the State improperly waited to file the DUI and speeding charges until sufficient information was gathered to file the felony charge, driving while a habitual violator. The trial court agreed.

K.S.A. 22-3202(1) provides for joinder of more than one charge in the same complaint:

"Two or more crimes may be charged against a defendant in the same complaint, information or indictment in a separate count for each crime if the crimes charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

The alleged crimes of driving while a habitual violator, a felony, and the two misdemeanor counts of DUI and speeding occurred simultaneously on January 19, 1989. All three counts are based on the same act. The State's joinder of these crimes in one complaint was permissible.

Because the State is permitted to join these crimes in one complaint, a pertinent question is whether the delay from January 19, 1989, to June 27, 1989, in filing the DUI charge was improper. Prosecution for a traffic infraction must be commenced within two years after the offense is committed. K.S.A. 21-3106(3). The complaint charging Smith was filed on June 27, 1989, less than 5½ months after Smith's January 19, 1989, arrest. Smith has alleged no prejudice to his defense by the State's delay.

Smith's right to a speedy trial is protected both by statute, K.S.A. 22-3402, and by constitutional provisions, U.S. Const., Sixth Amendment, and Kan. Const. Bill of Rights, § 10.

K.S.A. 22-3402 establishes definite limits within which a defendant must be brought to trial. The constitutional provisions require a balancing test to be applied on a case-by-case basis. *State v. Rosine*, 233 Kan. 663, 664 P.2d 852 (1983).

K.S.A. 22-3402(2) states:

"If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after *arraignment* on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)." (Emphasis added.)

An arraignment is defined as follows:

"The arraignment in a criminal proceeding is the formal act of calling the defendant before a court having jurisdiction to impose sentence for the offense charged; informing the defendant of the offense charged by reading the complaint, information or indictment or stating to him the substance of the charge; and asking defendant whether he is guilty or not guilty or to otherwise plead as permissible by law." *Rosine,* 233 Kan. 633, Syl. ¶ 3.

The date of arraignment controls the application of K.S.A. 22-3402 in both felony and misdemeanor cases. *Rosine,* 233 Kan. at 669.

K.S.A. 1989 Supp. 22-3205(a) provides:

"Arraignment shall be conducted in open court and shall consist of reading the complaint, information or indictment to the defendant or stating to the defendant the substance of the charge and calling upon the defendant to plead thereto. The defendant shall be given a copy of the indictment or information before the defendant is called upon to plead. Except as provided in subsection (b), if the crime charged is a felony, the defendant must be personally present for arraignment; if a misdemeanor, with the approval of the court, the defendant may appear by counsel. The court may direct any officer who has custody of the defendant to bring the defendant before the court to be arraigned."

The trial court apparently agreed with Smith and considered February 2, 1989, as the arraignment date. February 2, 1989, was the court appearance date listed on the appearance bond.

The State contends that the alleged appearance on February 2, 1989, does not satisfy the definition of an arraignment. The State's position is correct. *Rosine,* 233 Kan. 663.

In *Rosine,* defendants Scott and Rosine both argued that the appearance dates on their recognizance bonds were the arraignment dates for purposes of K.S.A. 22-3402. We disagreed. When Scott and Rosine appeared on the dates listed on their recognizance bonds, no complaint had been filed. The existence of a complaint, information, or indictment filed against a defendant is

a fundamental prerequisite to an arraignment. *Rosine*, 233 Kan. at 669.

In *State v. Huber*, 10 Kan. App. 2d 560, 704 P.2d 1004 (1985), Huber contended that his first appearance served as his arraignment. The Court of Appeals rejected his contention. 10 Kan. App. 2d at 562-63.

The asserted telephone call of Smith's counsel to the clerk's office does not meet the requirements of an arraignment set forth in *Rosine* and *Huber*. Neither Smith nor his attorney came before a court. The complaint could not have been read because it did not exist. Smith does not allege that he entered a plea.

Smith relies on *State v. Dreher*, 239 Kan. 259, 717 P.2d 1053 (1986), in asserting that the arraignment date was February 2, 1989. Smith claims that the defense attorney in *Dreher* merely requested a trial setting and this court found that the request was an arraignment. Smith's reliance on *Dreher* is misplaced. In *Dreher*, the first appearance and arraignment were on October 11, 1984, at which time Dreher requested a trial to the court.

If the crime charged is a misdemeanor, as in this case, a defendant, with approval of the court, pursuant to K.S.A. 1989 Supp. 22-3205(a), may appear by counsel at the arraignment. Here, however, there was no appearance on February 2 by Smith, in person or by counsel; thus, no arraignment took place.

Smith's statutory right to a speedy trial was not violated. The first notation on the appearance docket, after the complaint was filed, was July 20, 1989. The State contends his arraignment was August 11, 1989. Both dates are within 180 days of the November 2, 1989, trial date.

### Constitutional Right to a Speedy Trial

The constitutional right to a speedy trial is analyzed in *Barker v. Wingo*, 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972). *Barker* adopted a four-part balancing test to be applied on a case-by-case basis: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his or her right; and (4) prejudice to the defendant. "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the

other factors that go into the balance." 407 U.S. at 530. We have adopted the *Barker* rationale. *Rosine,* 233 Kan. at 667.

In *Rosine,* we examined cases which found that a 13-month delay, a 243-day delay, a 3-year delay, and a 4-year delay did not violate the defendant's constitutional right to a fair trial. We then concluded that 254 days between Scott's arrest and trial, and 296 days between Rosine's arrest and trial, were not presumptively prejudicial. We, therefore, found it unnecessary to look into the other factors. *Rosine,* 233 Kan. at 667-68.

In the present case, Smith was arrested on January 19, 1989. His trial was set for November 2, 1989; 287 days elapsed between arrest and trial. The State alleged that the delay in filing the complaint was due to (1) the necessity of receiving Smith's driving record from the Department of Motor Vehicles and (2) a large case load. After receiving the motor vehicle department records, the violation was changed from driving while his license was suspended to driving while a habitual violator. Under the facts of this case, the delay was not unreasonable. Smith has shown no prejudice resulting from the delay and his constitutional right to a speedy trial was not violated.

The trial court's dismissal is reversed. The complaint is reinstated as to the DUI (K.S.A. 1989 Supp. 8-1567) count, and the case is remanded for further proceedings.

Reversed and remanded.