No. 45,756

State of Kansas, *Appellee*, v. Chester Leroy Serviora, *Appellant.*

(476 P. 2d 236)

Opinion filed November 7, 1970.

*Ronald L. Leslie,* of Hess, Dowd, Cronhardt and Leslie, of Hutchinson, argued the cause and was on the brief for the appellant.

*Raymond F. Berkley,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, *Kerry J. Granger* and *Larry A. Bolton,* Assistant County Attorneys, were with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal in a criminal action wherein the defendant was found guilty by a jury of grand larceny for stealing an automobile contrary to K. S. A. 21-533, and sentenced to the state penitentiary for a term of not less than ten years nor more than thirty years, pursuant to K. S. A. 21-534 and K. S. A. 21-107a as modified by K. S. A. 1967 Supp. 62-2239.

The appellant contends the trial court erred in the giving of instructions and in the refusal to provide him with a transcript of a preliminary hearing after his appeal was perfected to this court.

On the 4th day of December, 1968, Joe C. Herrman, a salesman for the O'Mara Motor Company in Hutchinson, Reno County, Kansas, was approached by Chester Leroy Serviora (defendant-appellant) on the O'Mara used car lot. There was a brief conversation between the salesman and the appellant, wherein the salesman

was informed the appellant wanted to buy an automobile. The salesman left the appellant telling him he would return as soon as he had completed the business he was then negotiating with other customers. In the conversation the appellant had identified a particular automobile (the one here in question) and had expressed an interest in it. When the salesman returned from his business with the other customers, the automobile in question and the appellant were missing.

The appellant was subsequently arrested in Chase County near Cottonwood Falls in the exclusive possession of the vehicle in question and was thereupon taken to the jail in Cottonwood Falls where he was confined and held for the Reno County authorities.

On the 20th day of December, 1968, the appellant was brought before the magistrate court in Hutchinson for a preliminary hearing on a complaint filed by the state. However, at that preliminary hearing the case was dismissed and the appellant discharged by the magistrate court because there was some confusion as to the serial number of the automobile which the appellant was found to be driving, some eight hours after the theft, and the serial number of the automobile missing from the used car lot.

Thereafter the state filed a second complaint and the appellant was given a second preliminary hearing on the 17th day of February, 1969, at which time the appellant was bound over to the district court for trial.

The salesman, Mr. Herrman, at the second preliminary hearing and at the trial of the appellant, elaborated upon the testimony which he had previously given at the first preliminary hearing.

A clerk-secretary was present at the first preliminary hearing and took shorthand notes, although she was not a certified shorthand reporter. Prior to the appeal of this case by the appellant, there was never a request by the appellant or the state for a transcript to be made of the testimony taken at the first preliminary hearing. However, the state did order a transcript of the second preliminary hearing and voluntarily provided the appellant with a copy of it without request by the appellant. The appellant makes no point concerning the transcript of the second preliminary hearing on appeal to this court, and any further reference thereto is inconsequential.

When the appellant's case was tried before a jury on the 28th day of April, 1969, he was represented by court-appointed counsel who had previously represented him in both the first and second

preliminary hearings. The salesman, Mr. Herrman, was thoroughly cross-examined by counsel for the appellant concerning testimony given by him at the first preliminary hearing. In doing so, counsel for the appellant used notes which he had made at the first preliminary hearing in the cross-examination and confronted Mr. Herrman with these statements. Over the state's objection the trial court permitted counsel for the appellant to cross-examine Mr. Herrman from the notes which he had taken, thereby granting the appellant considerable leeway in his defense to cross-examine on the basis of notes taken by the appellant's counsel. These notes were never admitted in evidence. As a result counsel for the appellant had an opportunity to completely and fully bring to the attention of the jury the previous statements Mr. Herrman had made at the first preliminary hearing, which the appellant contends were inconsistent, thereby giving the jury an opportunity to weigh the credibility of the witness, Mr. Herrman.

It was not until the 21st day of November, 1969, after the appellant had been convicted, sentenced and his notice of appeal perfected, that the appellant filed a petition *pro se* for writ of mandamus seeking a copy of the transcript of the first preliminary hearing as a part of the record for appellate review. This was denied by the trial court. Subsequently counsel appointed for the appellant to represent him on appeal made a similar oral request of the court for a transcript of the first preliminary hearing which was denied by the trial court on the 16th day of July, 1970.

It is the appellant's contention the trial court erred in failing to grant the appellant's motion for a transcript of his first preliminary hearing.

Without such transcript, the appellant argues, he is unable to present to the appellate court the issue on appeal disclosing that the state's principal witness, Mr. Herrman, committed perjury at the trial.

He argues that at the trial the witness testified he saw the appellant enter and start the stolen car shortly before the time the vehicle was noticed missing from the O'Mara Motor Company.

The appellant maintains Mr. Herrman testified unequivocally at the first preliminary hearing that he at no time saw the appellant enter or start the car, and that he did not even see the appellant again after first encountering him in the office of the O'Mara used car lot. The appellant maintains a comparison of the transcript of the first preliminary hearing with the transcript of the trial would

show beyond doubt that perjury was committed as he alleged. The appellant says because of his indigence he has been unable to have the transcript of his first preliminary hearing prepared, and the trial court twice denied the motions by him to have it prepared and furnished to him at public expense.

The appellant relies upon *Griffin v. Illinois*, 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585; *Eskridge v. Washington Prison Bd.*, 357 U. S. 214, 2 L. Ed. 2d 1269, 78 S. Ct. 1061; and *Draper v. Washington*, 372 U. S. 487, 9 L. Ed. 2d 899, 83 S. Ct. 774, for the proposition that an indigent defendant has a constitutional right to a transcript of his trial proceedings for the purpose of an appeal.

In his brief counsel for the appellant says:

". . . the question as to whether or not he also has a right to a transcript of his preliminary hearing for the purpose of an appeal, and whether lack of such transcript will violate his rights to equal protection under the laws and to due process, is an unsettled question at this time. However, as we shall see, the rationale behind United States Supreme Court decisions and the rights of an indigent defendant in analogous situations lead to the conclusion that an indigent defendant does indeed have a right to a transcript of his preliminary hearing where necessary to assure an adequate appeal."

Under all of the facts and circumstances presented by the record here on appeal, we fail to see merit in the appellant's arguments on the point in question for the following reasons:

Here the record discloses neither the appellant nor his counsel at any time made a request for a copy of the transcript of the first preliminary hearing prior to the trial of the case. No request was made during the trial, and furthermore, the question was not raised on the motion for a new trial. The first request for such transcript was made on November 21, 1969, after the appeal from the appellant's conviction had been perfected to the Supreme Court. The appeal was filed on June 5, 1969.

The appellant was given a copy of the transcript of the second preliminary hearing prior to his trial and without request. Undoubtedly, he would have received a copy of the first preliminary hearing had a request for it been made prior to the trial. The appellant's argument concerning perjury is valid only if the identical issue on the same facts could be brought to the attention of this court by a defendant who is not indigent. Here the issue the appellant attempts to assert is not a matter of appellate review even for a person with the financial means to secure a copy of the transcript for himself.

The credibility of a witness is a question of fact for the jury. The jury, making this determination of fact, is at liberty to disregard the entire testimony of any witness it feels has knowingly or willfully testified falsely to any material matter, and the jury in this case was so instructed by the court's instruction No. 11. The issue is not an appropriate one for appellate review. (*Griffin v. Price*, 199 Kan. 649, 433 P. 2d 464; and *King v. Robbins*, 201 Kan. 748, 443 P. 2d 308.)

Here the appellant's court-appointed counsel who represented him at the trial was present at the first preliminary hearing, made notes concerning the testimony of Mr. Herrman, was permitted to cross-examine Mr. Herrman at the trial before the jury concerning previous statements made by Mr. Herrman which the appellant contends were inconsistent with his testimony at the trial. Mr. Herrman conceded the statements made at the first preliminary hearing were made as charged by appellant's counsel on cross-examination, but proceeded to explain them to show they were consistent with his testimony at the trial. The jury had the whole matter before it.

The appellant challenges two "additional" instructions given by the trial court to the jury after the case was submitted to the jury.

At the trial after both parties rested their case, counsel for the state requested an instruction covering the unexplained possession of property recently stolen, and the court assured counsel such instruction would be included in the instructions given to the jury without the necessity of filing a proposed instruction. However, when the jury was instructed the requested instruction was omitted, and over objection by counsel for the state the case was submitted to the jury. When the jury had deliberated for a period of approximately an hour the jurors were sent home for the night. Upon their return the following morning, the trial court had reconsidered the state's request for an instruction on the unexplained possession of property recently stolen, stating that such instruction was inadvertently omitted from the instructions previously given by the court. The trial court then gave the instruction as additional instruction No. 1. It was in writing, and was read to the jury, covering the unexplained possession of property recently stolen in substantial compliance with the law as set out in *State v. Oswald*, 197 Kan. 251, 417 P. 2d 261; and *State v. Brown*, 203 Kan. 884, 457 P. 2d 130.

The only objection made by counsel for the appellant at the trial concerning the foregoing instruction pertained to the time at which this instruction was given. Counsel for the appellant argued at the trial the giving of additional instruction No. 1 to the jury, after it had commenced deliberations, called undue attention of the jury to this particular instruction.

Apparently the appellant has abandoned this theory because it is neither argued nor briefed on appeal. Instead he makes a technical challenge to the substance of the instruction.

After additional instruction No. 1 was given, all instructions, being written in form, were taken to the jury room by the jurors. Among the instructions was No. 14, which instructed the jurors not to select any particular instruction given as being the law applicable to the case and decide it upon that alone, but to consider all the instructions together and determine the case from all the instructions given.

It is said in 53 Am. Jur., Trial, § 941, p. 667:

"In the absence of any statutory prohibition, the trial court may, after submission of a cause to the jury, on its own motion or on request of counsel, recall the jury and give them additional or further instructions on the law of the case when the ends of justice and the circumstances of the case require that this be done. Such power is inherent in the court, and is not abridged or limited by a statute authorizing the jury to ask further instructions. . . ."

It has been held the trial court may exercise wide discretion in the matter of charging the jury, and may of its own motion recall the jury and give it additional instructions. (*Underwood v. Fosha*, 96 Kan. 240, 150 Pac. 571; and see *Bray v. Railway Co.*, 111 Kan. 60, 205 Pac. 1112.)

Here the appellant is in no position to complain of the inadequacy of additional instruction No. 1 on a technical matter where he has made no objection to it, and made no request for a more complete instruction. (*State v. Turner*, 114 Kan. 721, 220 Pac. 254; *State v. Ward*, 199 Kan. 23, 427 P. 2d 586; and *State v. Hamilton*, 185 Kan. 101, 340 P. 2d 390, cert. denied 361 U. S. 920, 4 L. Ed. 2d 188, 80 S. Ct. 265.)

Technical objections to the trial court's instructions will not be considered when first raised in the appellate court. (*State v. Joseph Little*, 201 Kan. 101, 439 P. 2d 383.)

While the jury was deliberating in this case it submitted a question to the trial court asking for further clarification of the court's instructions—for definitions of "permanent" and "temporary" de-

privation to make the distinction between felony and misdemeanor cases. The trial court then gave the jury "Additional Instruction No. 2," defining what was meant by the permanent deprivation of property and the temporary deprivation of property, as those terms had been used in the instructions given to the jury.

Appellant's counsel objected "generally to the offering of additional instruction No. 2 and more particularly to the second paragraph of this instruction in the reading as follows: '. . . and then return it to the owner'. This should be omitted."

The second paragraph of additional instruction No. 2 reads:

"The taking of property without permission by one who intends to use it temporarily and then return it to the owner, deprives the owner of temporary possession."

On appeal a technical objection is raised for the first time concerning the definition of permanent deprivation of property. This point is not properly before the appellate court for the reasons heretofore stated.

On appeal the appellant has abandoned the objections raised in the trial court to the giving of additional instruction No. 2.

It cannot be said additional instruction No. 2 as given to the jury is clearly erroneous. (K. S. A. 60-251 [b].)

Considering all the instructions given to the jury, it cannot be said the jury was misinformed as to the law in this case, and it cannot be said on the basis of the record here presented the jury was misled by the additional instructions given to the prejudice of the appellant's rights.

The judgment of the lower court is affirmed.