No. 52,257

STATE OF KANSAS, *Appellee,* v. RICHARD L. PATCHETT, *Appellant.*

(621 P.2d 1011)

Opinion filed January 17, 1981.

*David J. Waxse,* of Payne & Jones, Chartered, of Olathe, argued the cause and was on the briefs for the appellant.

*Janice D. Russell,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with her on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Richard L. Patchett was charged and tried by a jury for felony murder, aggravated assault and aggravated burglary. He was found guilty of second degree murder and acquitted of all other charges.

Patchett and his wife, Maxine Patchett, were in the throes of a divorce action. A restraining order had been issued and served on defendant, requiring him to leave the house in which the couple

had lived. Mrs. Patchett had arranged for a moving van to load the furniture on Saturday. On Friday she and her mother intended to pack her belongings and Mrs. Patchett had hired a security guard from Central Investigations to be present with them in case of violence on the part of her husband. The marriage had been stormy and Mrs. Patchett had been attacked by her husband at various times during the marriage. At one time she had been held at bay with a gun for several hours. She had previously received black eyes and at another time she had been hit in the head with a meat cleaver. She testified it took forty stitches to close the wound in her head.

The women began packing around 7:30 p.m. The security guard, Hal McHenry, spent the time sitting on a coffee table in the living room reading magazines. Around midnight the women heard the front door crash open. Three shots were heard. Mrs. Patchett's mother looked into the living room in time to see the defendant with his gun pointed at Mr. McHenry. She saw Mr. McHenry keel over and fall from the coffee table to the floor. The defendant passed him by and charged into the next room where his wife had taken cover under a desk. She arose and was sitting on the desk when her husband entered the room and pointed the gun toward her face. At this time the security guard slowly arose from the floor and stood leaning against the doorway between the two rooms. The guard shot the defendant in the left arm, and then advised the two women to leave the premises. The defendant, who had been knocked to the floor, rose to his feet, pointed his gun and shot the security guard. The guard collapsed and died a short time later. A claim of self-defense was entered by the defendant at the trial.

The first claim of error on appeal arose when the jury after some deliberation requested clarification of two of the instructions bearing on the charge of felony murder. The court had omitted the word "attempting" from the instructions when it was explained that the defendant could be found guilty of felony murder if the homicide occurred during a time the defendant was *attempting* to commit either aggravated burglary or aggravated assault. K.S.A. 1979 Supp. 60-248(*e*) provides for instances when a jury requests further information, and the statute authorizes a trial court to respond and clarify the matter for the benefit of the jury. This was correctly handled in this case. See *State v. Weigel*,

228 Kan. 194, 612 P.2d 636 (1980); and *State v. Serviora,* 206 Kan. 29, 34, 476 P.2d 236 (1970).

Appellant next argues it was reversible error for the trial court to instruct on criminal trespass to property as a lesser included offense of burglary. Criminal trespass to property is not a lesser included offense of burglary. *State v. Rupe,* 226 Kan. 474, Syl. ¶ 5, 601 P.2d 675 (1979). However, the giving of this instruction did not amount to reversible error because: (1) The defendant was acquitted of both burglary and criminal trespass to property, and (2) it was the defendant who requested the instruction on criminal trespass to property. When a defendant requests an instruction at the trial level and such instruction is given, the defendant cannot predicate error on the giving of the instruction which he requested. *State v. Sanders,* 223 Kan. 273, 280-81, 574 P.2d 559 (1977); *State v. Gross,* 221 Kan. 98, Syl. ¶ 1, 558 P.2d 665 (1976).

The defendant claims it was error to fail to instruct on simple assault as a lesser included offense of aggravated assault against his wife. He pointed a handgun directly at her face. The point is without merit. Defendant was acquitted of aggravated assault and no prejudice could have resulted. In addition, the trial court is required to instruct on a lesser included crime only when there is evidence under which a defendant might reasonably have been convicted of the lesser crime. *State v. Prince,* 227 Kan. 137, Syl. ¶ 1, 605 P.2d 563 (1980). The use of a gun was not denied.

Defendant argues it was error to instruct on attempted aggravated assault as the underlying felony upon which the charge of felony murder rested. He contends there can be no such crime for an assault is an attempted battery and an attempted assault would consist only of an attempt to attempt a crime, which action cannot be a crime. There is authority which recognizes the existence of attempted aggravated assault. *State v. Clanton,* 219 Kan. 531, 533-34, 548 P.2d 768 (1976); Perkins on Criminal Law, Ch. 2, § 2 B3 (2nd ed. 1969); Annot., 79 A.L.R.2d 597. However, we do not reach the question in this case since the jury failed to find the defendant guilty of felony murder and the sufficiency of the underlying felony in such case becomes academic. Appellate courts do not decide academic questions merely to make a precedent when such decisions can have no effect upon the rights of those interested. *Taber v. Taber,* 213 Kan. 453, Syl. ¶ 5, 516 P.2d 987 (1973).

Defendant claims error in the admission of testimony that he had committed prior personal assaults and batteries against his wife. A hearing was held in advance of trial on the admissibility of such evidence to prove intent and motive under K.S.A. 60-455. The defendant contends he entered the house thinking it was being burglarized and shot Mr. McHenry in self-defense. The State's theory was that the defendant broke into the house to assault his wife, as he had on previous occasions. The prior offenses against his wife tended to establish his motive for crashing into the house and the intent to get past the guard to assault his wife.

The trial court, after hearing the evidence outside the hearing of the jury, weighed the probative force of the evidence against any prejudice to defendant and decided to admit the prior offenses against the wife. The court did refuse to allow evidence of criminal convictions resulting from defendant's prior actions. A limiting instruction was given. The trial court found the other crimes were relevant to prove a material fact that was substantially in issue and balanced the probative value of the evidence against its prejudicial effect. See *State v. Bly,* 215 Kan. 168, 523 P.2d 397 (1974), and case annotations under K.S.A. 60-455. The admission of this evidence was proper.

The defendant objects now to the answer of Mrs. Patchett to a question concerning a conversation she had with the security guard prior to hiring him. They were discussing the matter of protection which Mrs. Patchett wanted him to provide for her at the house. She testified:

"A. He inquired more in detail the nature of the problem. He wanted to know if I thought Dick [the defendant] might have a gun.

"Q. What did you tell him?

"A. I told him that I didn't think so. I didn't think that Dick could own a gun and so as far as I knew he didn't have them but that he possibly could."

There was no contemporaneous objection to this answer at trial. It is difficult to stretch this statement into testimony that defendant was a felon and as such was not legally authorized to own or possess a pistol. In view of the unsolicited nature of the remark, its actual content and meaning, and the absence of contemporaneous objection, we find no reversible error in this remark. *State v. Robinson,* 219 Kan. 218, 547 P.2d 335 (1976). A verdict shall not be set aside and the judgment based thereon shall not be

reversed because of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection. K.S.A. 60-404.

The final issue raised concerns the giving of the following instruction:

"Ordinarily a person intends all of the usual consequences of his voluntary acts. This inference may be considered by you along with all the other evidence in the case. You may accept or reject it in determining whether the State has met the burden to prove the required criminal intent of the defendant. This burden never shifts to the defendant."

This is exactly the instruction set forth as PIK Crim. 54.01, Presumption of Intent (Revised) found in the 1979 Supplement. You will note the instruction contains four sentences.

In *Sandstrom v. Montana,* 442 U.S. 510, 61 L.Ed.2d 39, 99 S.Ct. 2450 (1979), the high court was dealing with an instruction which included only the first sentence. It held the jury might interpret such an instruction as creating a conclusive presumption on the issue of intent and shift the burden of persuasion to the defendant. The one-sentence instruction was held erroneous.

In *State v. Egbert,* 227 Kan. 266, 267, 606 P.2d 1022, *cert. denied* 449 U.S. 965 (1980), this court examined an instruction which read:

" 'There is a presumption that a person intends all the natural and probable consequences of his voluntary acts. This presumption is overcome if you are persuaded by the evidence that the contrary is true.' "

We held the instruction created a permissive presumption and did not shift the burden of proof to defendant. Similar holdings may be found in *State v. McDaniel & Owens,* 228 Kan. 172, 179, 612 P.2d 1231 (1980), and *State v. Acheson,* 3 Kan. App. 2d 705, 601 P.2d 375, *rev. denied* 227 Kan. 927 (1979).

The present four sentence instruction has not previously been examined by this court but there can be no question after reading this instruction. It clearly speaks in terms of a permissive inference, explaining that the jury may accept or reject this inference and flatly states the burden of proof never shifts to the defendant. The instruction on presumption of intent, PIK Crim. 54.01 (1979 Supp.), refers to a permissive inference and does not shift the burden of proof to the defendant. The instruction was proper and the point raised is without merit.

The judgment is affirmed.