No. 67,258

STATE OF KANSAS, *Appellee,* v. EARL EUGENE GREEN, III, *Appellant.*

(847 P.2d 1208)

Opinion filed March 5, 1993.

*Michael G. Highland,* of Leavenworth, argued the cause, and *Michael J. Waite,* of Leavenworth, was on the brief for appellant.

*Frank E. Kohl,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Earl Eugene Green was found guilty of second-degree murder, K.S.A. 21-3402, a class B felony. Green appeals, claiming: (1) his right to a speedy trial was violated; (2) he did not receive a fair trial because of the late endorsement of a witness for the State; and (3) there was insufficient evidence to convict him of second-degree murder.

On September 13, 1990, Daniel Evans was strangled to death and then bludgeoned. Because Mr. Evans was dead before he was beaten, there was relatively little blood at the scene of the murder. However, there was sufficient blood at the scene to search for blood on the clothing of the killer to obtain a DNA comparison.

During the initial investigation, law enforcement officers obtained information from four of the deceased's neighbors that the defendant had been seen in the area of the deceased's house twice on the night the victim was killed. The witnesses informed the officers that Green was carrying a white "Black Bart" T-shirt in his hip pocket.

The Leavenworth Police Department gathered sufficient information to obtain a search warrant for Green's residence. The affidavit for the search warrant stated that the Black Bart T-shirt could be found at the defendant's residence. During the search of the Green home, several items, including a Black Bart T-shirt, were seized. The Black Bart T-shirt, when tested through DNA analysis, was found to have the blood of the victim on it.

## DEFENDANT'S RIGHT TO A SPEEDY TRIAL

Under the Sixth Amendment to the Constitution of the United States and § 10 of the Bill of Rights of the Kansas Constitution,

the accused in a criminal prosecution is guaranteed the right to a speedy trial. In addition to the applicable provisions of the state and federal constitutions, the Kansas Legislature has implemented a statutory limitation, K.S.A. 22-3402, which specifies the time within which an accused must be brought to trial. *State v. Clements,* 244 Kan. 411, 413, 770 P.2d 447 (1989).

K.S.A. 22-3402(1) provides:

"If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within ninety (90) days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)."

The purpose of K.S.A. 22-3402 is to implement the accused's constitutional right to a speedy trial. It is the State's obligation to insure that an accused is provided a speedy trial. Delays which are the result of the application or fault of the accused are not counted in computing the statutory speedy trial period.

Green was arraigned on December 14, 1990. Ninety days from December 14, 1990, would be March 14, 1991. Green was brought to trial on June 17, 1991, 185 days after arraignment. Defendant, who was held in custody prior to his trial, contends his right to a speedy trial as established by K.S.A. 22-3402(1) was violated. He provides no argument in support of his contention except to point out that more than 180 days elapsed from his arraignment until trial. Green claims that all but 14 days of the delay is attributable to the State.

K.S.A. 22-3402(3) provides that the 90-day limitation imposed by subsection (1) of K.S.A. 22-3402 may be extended if:

"(c) [t]here is material evidence which is unavailable; . . . reasonable efforts have been made to procure such evidence; and . . . there are reasonable grounds to believe that such evidence can be obtained and trial commenced within the next succeeding ninety (90) days. Not more than one continuance may be granted the state on this ground, unless for good cause shown, where the original continuance was for less than ninety (90) days, and the trial is commenced within one hundred twenty (120) days from the original trial date."

Trial was originally set for February 25, 1991. On that date the trial was continued to March 18, 1991. On February 28, 1991, the State filed a motion to extend the time to bring the

defendant to trial by 30 days because the DNA test results from Life Codes, Inc., would not be available until March 11, 1991. The State's motion for a 30-day continuance for good cause was granted.

On March 27, 1991, the State filed a second motion to extend the time required to bring the defendant to trial because material evidence was not available, this time requesting an extension of 90 days. In its motion, the prosecution stated that the DNA test results from Cellmark Diagnostics would not be available prior to April 8, 1991, and, in addition, one of the State's witnesses, Dr. James Bridgens, a forensic pathologist, was out of the United States until April 23, 1991. The State's motion for a second continuance was also granted by the court. Green's trial commenced on June 17, 1991, 112 days after the original February 25, 1991, trial setting.

Continuances may be granted to the accused in the discretion of the trial court. However, the State's right to a continuance is limited. See K.S.A. 22-3402(3)(c) and (d). Where material evidence is unavailable and reasonable efforts have been made to procure the evidence, a second continuance ordered by the court is reasonable and proper where the first continuance was for less than 90 days and the trial commenced within 120 days from the trial date on which the first continuance was granted. See *State v. Welch*, 212 Kan. 180, 509 P.2d 1125 (1973). Defendant's trial commenced within the 120-day period allowed by K.S.A. 22-3402(3) when material evidence is unavailable to the State. Green's claim that his statutory right to a speedy trial was violated has no merit.

Green also claims that his constitutional right to a speedy trial was violated. The constitutional right to a speedy trial is analyzed in *Barker v. Wingo*, 407 U.S. 514, 530, 33 L. Ed. 2d 101, 92 S.Ct. 2182 (1972). *Barker* adopted a four-part balancing test to be applied on a case-by-case basis: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his or her right; and (4) prejudice to the defendant. The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. We have adopted the *Barker* rationale. *State v. Smith*, 247 Kan. 455,

459, 799 P.2d 497 (1990); *State v. Rosine,* 233 Kan. 663, 667, 664 P.2d 852 (1983).

Green fails to state why the delay in his trial is presumptively prejudicial or to show any prejudice resulting from the delay. Green was not denied his statutory or constitutional right to a speedy trial.

## STATE'S LATE ENDORSEMENT OF A WITNESS

The Black Bart T-shirt seized by officers executing the search warrant was found through DNA testing to have blood on it which matched the victim's blood. During the three-day trial, the State called three witnesses who had previously informed the police that on the night Evans was murdered Green was carrying a white Black Bart T-shirt in the rear pocket of his pants. These witnesses, testifying at trial as witnesses for the State, disavowed any knowledge of the type of shirt the defendant was carrying the night Evans was killed.

On the third day of the trial, the State moved to endorse Denise Moore as a witness. Moore had not previously been endorsed as a witness in the information. The State asserted that Moore had not been endorsed because the first part of her one-paragraph written statement was prejudicial to defendant in that it referred to defendant's father as being in jail and the second part, which dealt with the identification of the Black Bart T-shirt, was cumulative to the expected testimony of three other witnesses. The State asserted that because those witnesses recanted their statements as to the Black Bart T-shirt, it was necessary to call Moore as a witness.

Defense counsel objected, arguing the State had ample opportunity to endorse the witness on the information and he did not have a copy of Moore's statement. The State indicated it had previously sent a copy of the statement to defense counsel. The court noted the State's file had been open to the defendant and that it was a matter of inadvertence, not design, that Moore's statement was not provided to defense counsel. The court found the State's failure to endorse Moore as a witness was innocent and not designed to prejudice the defendant. After the court allowed the endorsement of Moore as a State witness, defense

counsel was given an opportunity to review the statement and interview Moore.

After discussing her testimony with the State and being interviewed by defense counsel, Moore was called by the State to testify. Denise Moore stated that the shirt in question was not the shirt she had seen the defendant with the night of the murder. She originally thought it was the shirt, but unlike the shirt the State was attempting to introduce into evidence, the one she had seen defendant with that night had only one Black Bart on it.

Green contends he was severely prejudiced by the State's late endorsement of Denise Moore. His argument is that Moore's testimony was prejudicial because it was the only evidence linking him to the T-shirt with the victim's blood. Defendant contends Moore's evidence was known by the State prior to his arrest and the State failed to inform him of the witness even though the court had ordered that the names of all previously unidentified witnesses, as they became known, were to be given to the defendant. Defendant asserts that because the witnesses the State listed and their statements did not link him to the item of clothing with the deceased's blood on it, the earlier evidence of DNA testing had not been critically attacked by his counsel. Green alleges that prior to Moore's testimony, his defense was there was no direct connection between him (Green) and the victim or the manner in which the victim was killed. Green claims that under these circumstances the State's failure to comply with the order to inform the defendant of all witnesses should not be rewarded by allowing the endorsement of the witness.

K.S.A. 22-3201(6) has been construed to confer broad discretionary power on the trial court in allowing a late endorsement. This court will not condone surprise caused by the intentional withholding of the name of a witness as a part of the prosecution's trial strategy. *State v. Stafford,* 213 Kan. 152, 164, 515 P.2d 769 (1973), *modified* 213 Kan. 585, 518 P.2d 136 (1974). The purpose of the endorsement requirement is to prevent surprise to the defendant and to give the defendant an opportunity to interview and examine the witnesses for the prosecution in advance of trial. *State v. Stafford,* 213 Kan. at 164. The trial court commits reversible error in allowing a late endorsement when such endorsement results in surprise or material prejudice to defendant,

preventing "a fair preparation of his defense." *State v. Wilson & Wentworth,* 221 Kan. 359, 364-65, 559 P.2d 374 (1977). A trial court's order permitting a late endorsement of a witness is not to be overturned absent an abuse of discretion. The test is whether the defendant's rights have been prejudiced. *State v. White & Stewart,* 225 Kan. 87, 91, 587 P.2d 1259 (1978).

Like the State's other three witnesses, Moore also failed to identify the shirt seized at the Green residence as the shirt the defendant was carrying that night. Her testimony was cumulative. Defendant has failed to show actual prejudice in the ability to defend his case. The trial judge did not abuse his discretion in allowing the late endorsement of the witness.

SUFFICIENT EVIDENCE TO CONVICT THE DEFENDANT

When the sufficiency of the evidence is challenged, the standard of review on appeal is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Evans,* 251 Kan. 132, Syl. ¶ 1, 834 P.2d 335 (1992).

Defendant argues that the case against him is largely circumstantial. The only evidence connecting him to the crime was a T-shirt, which none of the witnesses could identify, and which, when tested, had blood of the victim on it. He contends that except for this evidence, which should not have been admitted, there is little evidence on which to base his conviction. Defendant argues it is not proper to uphold a conviction based on evidence which should have been excluded.

Although defendant does not clearly say so, he apparently argues that Moore's statement or testimony at trial or both were the only evidence linking defendant to the T-shirt. We disagree. The police officer testified that the four neighbors had stated that they had seen the defendant with the T-shirt. Green fails to note that the T-shirt was described in the search warrant issued for defendant's residence. The T-shirt was found in the defendant's bedroom, which he shared with his brother. There was also evidence that Green suddenly came into possession of some money. The credibility of the witnesses who disavowed knowledge of the

Black Bart T-shirt after their prior statements to the police officer was a matter for the jury to determine.

A conviction of even the gravest offense may be sustained by circumstantial evidence. *State v. Bailey,* 251 Kan. 156, 164, 834 P.2d 342 (1992). The evidence, when viewed in the light most favorable to the prosecution, indicates a rational factfinder could have found Green guilty of the crime charged beyond a reasonable doubt.

Affirmed.