NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOSE ADAM BALTAZAR, *Petitioner*.

No. 1 CA-CR 24-0292 PRPC

FILED 06-0502026

Petition for Review from the Superior Court in Mohave County
No. CR-2019-01049, CR-2020-00764, CR-2020-00765
The Honorable Derek C. Carlisle, Judge

**REVIEW GRANTED; RELIEF GRANTED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Robert R. Moon
*Counsel for Respondent*

Zachary Law Group, PLC, Mesa
By Jessica Zachary
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

---

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge D. Steven Williams joined.

---

**M O R S E**, Judge:

**¶1**         Jose Adam Baltazar ("Baltazar") petitions this Court to review the superior court's dismissal of his post-conviction relief ("PCR") petition under Arizona Rule of Criminal Procedure ("Rule") 33.1.   We have considered the petition for review and, for the reasons stated, we grant review and relief.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         We view the facts in the light most favorable to upholding the judgment.  *State v. Reed*, 252 Ariz. 236, 237 n.1 (App. 2021).  In 2021, Baltazar pled guilty in three separate matters to two counts of aggravated assault, class three felonies; one count of possessing dangerous drugs, a class four felony; and one count of attempted unlawful flight from a pursuing law-enforcement vehicle, a class six felony.  As part of the plea, the State reduced some of the charges and dismissed a separate aggravated-assault charge in its entirety.  The superior court sentenced Baltazar to an aggregate term of 14-years' imprisonment.

**¶3**         In 2022, Baltazar initiated PCR proceedings, but the superior court ultimately dismissed the proceedings in October 2023 because, after multiple extensions, Baltazar failed to timely file a petition.  In June 2023, this Court granted review of the dismissal but denied relief, affirming the superior court's refusal to award Baltazar additional time to file a petition. *State v. Baltazar*, No. 1 CA-CR 22-0608, 2023 WL 4241194, at *2–3, ¶¶ 11, 15 (Ariz. Ct. App. June 29, 2023).  The decision also stated:

> Finally, we note that the offense of which Baltazar was convicted — attempted unlawful flight from a pursuing law-enforcement vehicle . . . — is not a cognizable crime in Arizona.  Under A.R.S. § 28-622.01, a person commits unlawful flight from a pursuing law-enforcement vehicle by willfully fleeing or *attempting* to elude a pursuing law-enforcement vehicle.   Attempting to commit unlawful flight constitutes the substantive crime of unlawful flight itself.  Because

2

we do not search PCR proceedings for fundamental error, *Smith*, 184 Ariz. at 459–60, we do not reach that potential issue here. *See State v. Carriger*, 143 Ariz. 142, 146 (1984) ("It is the petitioner's burden to assert grounds that bring him within the provisions of [Rule 33] in order to obtain relief."); *see also Ramirez*, 126 Ariz. at 468. Nor do we express any opinion on the merits of any claim stemming from it in a successive PCR proceeding. *See* Ariz. R. Crim. P. 33.4(b)(3)(B) (providing that Rule 33.1(b)–(h) claims must be raised within a reasonable time after their basis is discovered).

*Id*. at *3, ¶ 14.

**¶4**         In January 2024, upon petition by Baltazar, our supreme court vacated this Court's decision and remanded to the superior court with an order to appoint counsel, extend the filing deadline, and allow the parties to raise the issue of whether attempted unlawful flight is a cognizable crime. In its briefing, the State conceded that, based on this Court's decision, attempted unlawful flight is not a cognizable crime and the sentence should be vacated. Nonetheless, in April 2024, the superior court dismissed Baltazar's PCR proceedings, finding that attempted unlawful flight is a cognizable offense.

**¶5**         Baltazar now seeks review, and we have jurisdiction under Rule 33.16 and A.R.S. § 13-4239(C).

## DISCUSSION

**¶6**         Although the State conceded that attempted unlawful flight is not a cognizable offense, we are not required to accept the State's concession of error. *State v. Sanchez*, 174 Ariz. 44, 45 (App. 1993).

### I.       Attempted Unlawful Flight.

**¶7**         Absent an abuse of discretion or error of law, we will not disturb the superior court's ruling on a PCR petition. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (App. 2012). It is Baltazar's burden to show that the superior court abused its discretion by denying his PCR petition. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). However, we review legal conclusions de novo. *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017).

**¶8**         Arizona's unlawful flight statute, A.R.S. § 28-622.01, provides in relevant part: "[a] driver of a motor vehicle who willfully flees or attempts to elude a pursuing official law enforcement vehicle is guilty of a class 5 felony. . . ." Although the legislature has not defined "flee" or "elude,"

this Court has made a distinction between the two, explaining that "an 'attempt to elude' connotes adroit maneuvers" and "[i]n the context of the operation of a motor vehicle, such might include quick turns, driving with the lights off, driving where the pursuing vehicle could not follow, or attempting to hide." *State v. Fogarty*, 178 Ariz. 170, 172 (App. 1993). "The term 'flee' usually, but not always, connotes speed." *Id*. This Court has not discussed or defined an "attempt to willfully flee."

¶9         The superior court found this Court erred in determining attempted unlawful flight is not a cognizable crime, reasoning that a person who only willfully flees, but does not attempt to elude, has still committed the offense of unlawful flight. The superior court explained that "merely attempting to willfully flee from a pursuing law enforcement vehicle does not constitute the crime of unlawful flight," and, thus, in this context, "attempted unlawful flight is a cognizable offense."

¶10         The State argues the legal theory supporting Baltazar's plea was willful flight, not an attempt to elude. The State notes that "[w]hile a different factual basis for the guilty plea might support a finding that Attempted Unlawful Flight is not a cognizable offense, the facts of this case do not support a finding that [Baltazar] was attempting to attempt to elude." The State relies on *Fogarty*, 178 Ariz. at 172, arguing that the facts supporting Baltazar's conviction "did not include adroit driving maneuvers in order to evade a pursuing vehicle, but merely fleeing in a vehicle to make an escape or get safely away from the officers."

¶11         Baltazar argues that the factual basis does support a legal theory of attempt to elude. He cites *Sanchez*, 174 Ariz. at 45–46, contending that "[a]ttempting to flee from law enforcement is encompassed within the completed act of unlawful flight," and thus, the subsequent sentence was illegal and this Court "must vacate the conviction and sentence."

¶12         At the change of plea hearing, the State presented the following factual basis for the attempted unlawful flight:

> On the date and location, the defendant was driving a vehicle when an officer in a marked vehicle noticed the defendant and knew that he had a warrant for his arrest. The officer then turned on his lights and pulled in behind the defendant. The defendant stopped his vehicle. Another officer arrived with lights on also and pulled in front in attempt to box him in. They then approached his vehicle. They told him to – to turn the vehicle off and give them the key. At some point he refused and he then started driving away. The

officers, not wanting to get hit or get involved, got out of the way this time, and the defendant managed to get out of the boxed vehicles and flee the scene. The officer attempted to follow but lost sight of him.

¶13 We agree with the superior court that the unlawful flight statute is disjunctive, so a conviction may rest on evidence of either willful flight or an attempt to elude. *See also Fogarty*, 178 Ariz. at 172. We disagree that the factual basis supporting the plea agreement conclusively demonstrates that Baltazar committed attempted willful flight. The facts presented establish that the legal theory was, at least in part, reliant on an attempt to elude. The State testified that Baltazar was driving when an officer pulled up behind him and another officer parked in front of him, "in attempt to box him in." When they approached the vehicle and asked Baltazar to give them the key, he refused and started driving away. The officers got out of the way to avoid being hit "and [Baltazar] managed to get out of the boxed vehicles and flee the scene," and an officer tried to follow him but "lost sight of him."

¶14 While the State argues that willful flight was the only legal theory supporting the conviction, we disagree. Borrowing the language in *Fogarty*, on which the State relies, Baltazar used "adroit maneuvers" to avoid the officers' vehicles and drove "where a pursuing vehicle could not follow." *See id*. at 172. Baltazar engaged in evasive maneuvers to escape the officers' boxed-in vehicles, ultimately causing the officers to lose sight of him. Accordingly, the record supports, at least in part, that the factual basis relied upon was an attempt to elude the officers.

¶15 A completed offense may be reduced via plea bargain, but the attempted offense must be cognizable under Arizona law. *Sanchez*, 174 Ariz. at 46–47. Attempt is a preparatory offense and is separate and distinct from a substantive offense. *Id*. at 46. Consistent with the court in *Sanchez*, we similarly conclude that the preparatory offense of attempt does not apply to the preparatory offense of attempt. *See id*. (explaining why an attempt to commit a preparatory offense falls outside the Model Penal Code's scheme). This conclusion finds support from other jurisdictions. *See Dabney v. State*, 159 Md. App. 225, 247 (2004) (explaining why there cannot be a criminally cognizable attempted attempt); *People v. Gabbidon*, 172 Misc. 2d. 226, 228 (N.Y. Sup. Ct. 1997) ("It is impossible to attempt an inchoate crime because it is illogical to charge a crime as an attempt which is already in the form of an attempt."); *State v. Martinez*, 20 Kan. App. 2d 824, 831 (1995) ("There can be no attempt to commit a crime which is itself an attempt, i.e.,

there can be no attempt to commit an attempt." (quoting 4 Wharton's Criminal Law § 741, p. 568 (14th ed. 1981))).

**¶16**      Baltazar is entitled to relief under Rule 33.1(h) because the offense to which he pled guilty is not cognizable under Arizona law, so he is "actually innocent of the 'crime' to which he pled." *State v. Reed*, 252 Ariz. 236, 239, ¶ 16 (App. 2021); *see also State v. Wallace*, 151 Ariz. 362, 365 (1986) ("Where . . . no factual basis exists in the record to support the elements of the crime to which the plea is made, conviction on a guilty plea cannot be sustained."). Baltazar is also entitled to relief under Rule 33.1(c) because he received a sentence that "is not authorized by law." *See Reed*, 252 Ariz. at 239, ¶ 16 (quoting Ariz. R. Crim. P. 33.1(c)).

**¶17**      As noted above, *supra* ¶ 2, Baltazar's conviction in this matter was the result of a plea bargain involving multiple counts and multiple matters. We do not decide how relief as to this one count interacts with the rest of Baltazar's plea agreement with the State. *See State v. Williams*, 258 Ariz. 53, 57–60, ¶¶ 15–31 (2024) (discussing whether a party may withdraw from a void plea agreement). Because the issue was not briefed before us and the superior court is better positioned to apply the *Williams* test, we conclude that this task is properly left to the superior court.

## CONCLUSION

**¶18**      For the foregoing reasons, we vacate Baltazar's attempted unlawful flight conviction and sentence and vacate the superior court's dismissal of Baltazar's PCR proceedings. We remand to the superior court for further proceedings consistent with this decision.

