No. 75,174

GENE D. SPENCER, *Appellant,* v. STATE OF KANSAS, *Appellee.*
(954 P.2d 1088)

Opinion filed March 6, 1998.

*Janine Cox,* assistant appellate defender, argued the cause, and *Steven R. Zinn,* deputy appellate defender, and *Jessica R. Kunen,* chief appellate defender, were with her on the briefs for appellant.

*Timothy J. Chambers,* county attorney, argued the cause, and *Carla J. Stovall,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This case considers whether the crime of attempted aggravated assault existed in 1990. The issue before the district court was limited to sentencing. The Court of Appeals expanded the inquiry to include whether the defendant could plead to a nonexistent crime. We alter the issue for review by examining *State v. Martinez,* 20 Kan. App. 2d 824, 835, 893 P.2d 267 (1995), the case that led the Court of Appeals to its expanded inquiry.

Spencer appealed the dismissal of his K.S.A. 60-1507 motion attacking his consecutive sentencing. He also argued for the first time that his attempted aggravated assault conviction should be vacated because he had pled to a nonexistent crime. In making this argument, the defendant relied on *Martinez.*

The Court of Appeals, in affirming Spencer's conviction, distinguished *Martinez,* vacated the consecutive sentencing, and remanded for resentencing. We granted Spencer's petition for review

on the conviction issue, and our jurisdiction is under K.S.A. 20-3018(b).

After oral argument, we raised the question of whether the holding of *Martinez,* that the crime of attempted aggravated assault did not exist, was a correct statement of the law. The parties have filed supplemental briefs.

Although our reasoning differs, we agree with the result reached by the Court of Appeals. Spencer's conviction of attempted aggravated assault is affirmed. The case is remanded for resentencing. Our affirmance is based on the existence, in 1990, of the crime of attempted aggravated assault. We disapprove of the contrary holding in *Martinez.*

## FACTS

We quote from the Court of Appeals opinion:

"In 1990, Spencer was charged with one count of aggravated battery, a class C felony. Pursuant to a plea agreement, the State amended the charge to attempted aggravated assault, a class E felony. Spencer pled no contest to the amended charge and was sentenced to a term of 1 to 2 years. He was then granted probation for a period of 1 year.

"During the next 3 years, Spencer was the subject of several motions to revoke probation. It appears probation was extended, and in January 1994, he entered into a community corrections supervision agreement.

"In December 1994, the district court revoked Spencer's probation because he had violated its conditions and had been convicted of five counts of forgery in another case. The court sentenced Spencer to concurrent terms of 18 months on each of the five forgery counts. The court found that under the sentencing guidelines, Spencer's sentence for the attempted aggravated assault would be 8 months. The court ruled: 'The sentences have to be served consecutively.'

"Spencer filed a 60-1507 petition challenging the court's imposition of consecutive sentences. The district court dismissed the motion for lack of merit." 24 Kan. App. 2d at 125-26.

The State did not file a brief with the Court of Appeals.

## DISCUSSION

The Court of Appeals acknowledged and distinguished *Martinez. Martinez* concluded that "there could not be a valid conviction for attempted assault in Kansas." 20 Kan. App. 2d at 833. The Court of Appeals said: "The *Martinez* ruling did not speak to a

voluntary plea entered by a defendant who was taking advantage of a beneficial plea agreement. Martinez pled not guilty and was convicted over his objection to the charge. *Martinez* is not controlling in the instant case." 24 Kan. App. 2d at 127. The Court of Appeals affirmed Spencer's conviction but held that his sentencing contention had merit. The consecutive sentencing was vacated, and the case was remanded for resentencing. The State did not seek review on the sentencing issue.

We next consider the crime of attempted aggravated assault. Our discussion is limited to the pertinent statutes in effect at the time the crimes for which Spencer and Martinez were convicted occurred. If the crime of attempted aggravated assault existed in 1990, Spencer did not plead to a nonexistent crime and this appeal is resolved. The inquiry leads us to a discussion of *Martinez.*

Spencer's supplemental brief essentially follows the reasoning of *Martinez.* The *Martinez* court said: "It should be apparent that there is no conceptual or philosophical difficulty preventing a conviction for attempted assault arising out of an intentional threat to do bodily harm." 20 Kan. App. 2d at 833. However, Spencer contends that a threat to do bodily harm is not really a threat unless there is apprehension of bodily harm. This is a circular argument. We agree there cannot be an assault without apprehension by the victim of bodily harm. However, the question is whether there can be a crime of attempted aggravated assault by threat when there is no apprehension of bodily harm. Spencer relies on *State v. Alderson,* 260 Kan. 445, 922 P.2d 435 (1996); *State v. Bishop,* 240 Kan. 647, 732 P.2d 765 (1987); *State v. Warbritton,* 215 Kan. 534, 527 P.2d 1050 (1974); *Zapata v. State,* 14 Kan. App. 2d 94, 782 P.2d 1251 (1989); *State v. Daniels,* 12 Kan. App. 2d 479, 753 P.2d 300 (1987); *In re Geisler,* 4 Kan. App. 2d 684, 610 P.2d 640 (1980); *State v. Urban,* 3 Kan. App. 2d 367, 595 P.2d 352 (1979); and *State v. Duncan,* 3 Kan. App. 2d 271, Syl. ¶ 3, 593 P.2d 427 (1979). These cases concern the necessary elements for the crime of assault. The cases illustrate the rule that there can be no crime of assault without apprehension by the victim of bodily harm. They do not shed light on whether the crime of attempted aggravated assault exists.

The State reasons that when a defendant makes an overt act toward perpetration of a crime and intends to commit that crime but fails, or is prevented or intercepted in executing the crime, it is an attempt. See K.S.A. 21-3301. When a defendant does everything to perpetrate an assault, but the element of immediate apprehension of bodily harm is all that is missing, why is that not the crime of attempted assault? The State asks, why should not an act done with the intent to create immediate bodily harm be punishable conduct, regardless of whether that conduct achieves the result of creating such apprehension?

Spencer's crime occurred in November 1990. Martinez' crime occurred in May 1993. In 1990, K.S.A. 21-3408 (Ensley 1988) defined assault as: "An assault is an intentional threat or attempt to do bodily harm to another coupled with apparent ability and resulting in immediate apprehension of bodily harm. No bodily contact is necessary." In 1992, K.S.A. 21-3408 was amended:

"~~An assault is an intentional threat or attempt to do bodily harm to another coupled with apparent ability and resulting in immediate apprehension of bodily harm. No bodily contact is necessary.~~ *Assault is intentionally placing another person in reasonable apprehension of immediate bodily harm.*

"Assault is a class C misdemeanor." L. 1992, ch. 298, § 9.

K.S.A. 21-3410 (Ensley 1988), the aggravated assault statute, was also amended in 1992. L. 1992, ch. 298, § 10. The effective date for the 1992 amendments to 21-3408 and 21-3410 was July 1, 1993. Spencer and Martinez were convicted under the same statutes.

The 1992 amendments to 21-3408 and 21-3410 are not in issue here.

*Martinez* acknowledges:

"The [*State v. Patchett,* 229 Kan. 163, 621 P.2d 1011 (1981),] court stated: 'There is authority which recognizes the existence of attempted aggravated assault. *State v. Clanton,* 219 Kan. 531, 533-34, 548 P.2d 768 (1976); Perkins on Criminal Law, Ch. 2, § 2 B3 (2nd ed. 1969); Annot., 79 A.L.R.2d 597. However, we do not reach the question in this case.' 229 Kan. at 165." 20 Kan. App. 2d at 831.

Cases supporting nonexistence of the crime of attempted aggravated assault take the "there can be no crime of attempt to commit an attempt" approach. Cases supporting existence usually involve fact situations in which the defendant's attempt to commit a battery

was stopped before it reached the point of placing the intended victim in fear of immediate apprehension of bodily harm. See Annot., Attempt to commit Assault as Criminal Offense, 79 A.L.R.2d 597, §§ 2, 3; 4 Wharton's Criminal Law § 693, pp. 585-86 (15th ed. 1996); 2 LaFave and Scott, Substantive Criminal Law § 6.2, p. 21 n. 40 (1986).

In Spencer's situation, the complaint alleged that he committed aggravated battery by striking the victim with a pool cue. A scenario could be visualized as an attempted aggravated assault had Spencer swung the pool cue at the victim, but been brought under control by others before getting close enough to the victim to cause apprehension of bodily harm.

The *Martinez* panel acknowledged further:

"The offense of assault, however, is no longer defined strictly as an attempted battery. . . .

 . . . .

"According to K.S.A. 21-3408, an assault can result from either an intentional threat or an attempt to do bodily harm (an attempted battery). Thus, defendant's argument that an attempt to attempt a crime is not a crime at all is only applicable to those cases in which the assault arose out of an attempt to do bodily harm. In such a case, a defendant cannot be convicted of an attempt to attempt to do bodily harm.

"Defendant's argument, however, leaves intact the possibility of an attempted assault arising out of intentional threat to do bodily harm." 20 Kan. App. 2d at 832-33.

We agree.

The statute at issue here and in *Martinez* provided: "An assault is an intentional threat or attempt to do bodily harm to another coupled with apparent ability and resulting in immediate apprehension of bodily harm. No bodily contact is necessary." K.S.A. 21-3408 (Ensley 1988).

As the cases cited in Annot., 79 A.L.R.2d 597, § 3 and the authorities cited in *Martinez* stated, an intentional threat that for some reason does not achieve the result of placing the victim in immediate apprehension of bodily harm could still, in theory, be an attempted assault and punishable criminal conduct.

We hold that Spencer did not plead to a nonexistent crime. His conviction is affirmed. Language in *Martinez* to the contrary is disapproved.

Judgment of the Court of Appeals is affirmed. Judgment of the district court is affirmed in part, reversed in part, and remanded.