No. 84,810

STATE OF KANSAS, *Appellee*, v. RUSSELL J. JONES, *Appellant*.

(21 P.3d 569)

Opinion filed April 20, 2001.

*Kevin W. Loeffler*, of Wichita, argued the cause and was on the brief for appellant.

*Boyd K. Isherwood*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Jones was convicted after a bench trial of one count of attempted indecent liberties with a child. He was placed on probation for a period of 24 months. He appeals. The case was transferred from the Court of Appeals pursuant to K. S. A. 20-3018(c).

On February 5, 1999, Russell Jones posted a personal ad through Yahoo on the Internet. On February 7, Wichita police officer Richard Mellard responded to Jones' ad, presenting himself as "Tara," a 13-year-old girl. Later, "Tara" gave her age as 14.

Between February 7 and March 25, 1999, Jones sent 45 e-mail messages to "Tara." "Tara" responded 30 times. Mellard believed, based on what Jones said about the location of his computer, that Jones' messages came from a computer located in Sedgwick County. The messages were received in Sedgwick County.

According to Mellard, Jones acknowledged eight times that "Tara" was "a minor or under age." "Tara" mentioned a number of times that she was young. Jones sent photographs as attachments to a message. As if it were a picture of "Tara," Jones attached a picture of police officer Jacqueline Arterburn. Twice Jones and

"Tara" participated in real-time chat on the Internet. Jones attached several stories to a message. Mellard described the stories as ones that Jones "had found somewhere describing his fetish."

On March 25, 1999, Officer Arterburn dressed as Jones had specified, which included blue jeans, and met him at a shopping mall for the purpose of going elsewhere together to engage in sexual activity. Jones was wearing the clothing he had told her to look for. After a brief conversation in which Officer Arterburn told Jones that she had followed his instructions about bringing extra underwear and not going to the bathroom, the two left the mall. In the parking lot, Jones was taken into custody.

A search of his car revealed a vibrator in the glove compartment and a bag with several pairs of blue jeans behind the passenger seat.

Jones raised two issues on appeal: Did defendant commit the offense of attempted indecent liberties? If Jones committed the offense, should he have been acquitted on the ground of entrapment?

We first consider whether the defendant committed the offense of attempted indecent liberties.

Since Officer Mellard and Officer Arterburn are adults, appellant argues that it was legally or factually impossible for him to commit the crime of attempted indecent liberties with a child. He relies on *Spencer v. State*, 264 Kan. 4, 954 P.2d 1088 (1998), in support of his contention that a crime can be nonexistent because it is legally or factually impossible to commit. Spencer pled guilty to attempted aggravated assault. Relying on a Court of Appeals case, Spencer argued that he pled to a nonexistent crime. The core question was "whether there can be a crime of attempted aggravated assault by threat when there is no apprehension of bodily harm." 264 Kan. at 6. This court held that Spencer did not plead to a nonexistent crime and disapproved language in the Court of Appeals case that might lead to the opposite conclusion. 264 Kan. at 8.

In *State v. Shannon*, 258 Kan. 425, 905 P.2d 649 (1995), the court held that neither attempted unintentional second-degree

murder nor attempted involuntary manslaughter are offenses recognized in Kansas:

> "K.S.A. 1994 Supp. 21-3402(b) defines second-degree murder as a killing committed 'unintentionally but recklessly under circumstances manifesting indifference to the value of human life.' The language of the attempt statute, K.S.A. 1994 Supp. 21-3301(a), requires that a person possess the specific intent to commit the crime charged. It is logically impossible to specifically intend to commit an unintentional crime. Kansas does not recognize the crime of attempted second-degree murder as defined in K.S.A. 1994 Supp. 21-3402(b)."

> "Kansas does not recognize the crime of attempted involuntary manslaughter. *State v. Collins*, 257 Kan. 408, Syl. ¶ 4, 893 P.2d 217 (1995)." 258 Kan. 425, Syl. ¶¶ 2 and 3.

As the court stated, the statutory definition of "attempt" involves intent: "An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime." K.S.A. 21-3301(a). Attempting to do something unintentionally is oxymoronic. That is not what occurred in the present case.

K.S.A. 21-3301(b) provides: "It shall not be a defense to a charge of attempt that the circumstances under which the act was performed or the means employed or the act itself were such that the commission of the crime was not possible." In *State v. Logan & Cromwell*, 232 Kan. 646, 650, 656 P.2d 777 (1983), the court held that, with passage of that statutory provision, the legislature codified existing law that factual impossibility is not a defense to an attempt charge and eliminated the doctrine of legal impossibility as a defense to an attempt charge. Thus, impossibility is not a defense to the charge against appellant. We find no merit in appellant's argument.

Appellant also argues that he did not have the specific intent to commit the offense of indecent liberties with a child. The evidence shows that, whether or not appellant was concerned with the age of his victim, he thought that "Tara" was 13 or 14 because that is what "Tara" had told him. With regard to intent, the legislature has provided that proof of criminal intent where a defendant is charged with a crime that includes age as an essential element does

not even require proof that the accused had knowledge of the age of a minor. K.S.A. 21-3202(2). In this case, the proof of criminal intent was in appellant's pursuing a meeting and sexual activity with someone he believed to be 13 or 14 years of age. It appears that what Jones means in arguing that he lacked specific intent to commit the offense was that the age of the victim was not material to him. His argument is not material to the offense.

The offense of indecent liberties with a child is defined as lewd fondling or touching or soliciting a "child who is 14 or more years of age but less than 16 years of age" "to engage in any lewd fondling or touching of the person of another with the intent to arouse or satisfy the sexual desires of the child, the offender or another." K.S.A. 21-3503(a). Jones argues that he did not commit this offense because there was no child involved. Jones, however, was not charged with the offense of indecent liberties with a child. He was charged with and convicted of the offense of attempted indecent liberties. He argues that he did not commit this offense because he did not care that there was a child involved, but, as discussed in the preceding paragraph, that is not a defense. The trial court's finding that appellant committed the offense of attempted indecent liberties with a child was correct.

Jones also argues that he was entrapped.

K.S.A. 21-3210(a) provides: "A person is not guilty of a crime if his criminal conduct was induced or solicited by a public officer or his agent for the purposes of obtaining evidence to prosecute such person, unless . . . [t]he public officer or his agent merely afforded an opportunity or facility for committing the crime in furtherance of a criminal purpose originated by such person . . . ." In discussing the defense of entrapment, the court has stated that it is available to a defendant who was induced to commit a crime that he or she had no previous intention of committing. The defense is not available, however, when the evidence establishes that the police merely afforded an opportunity for the defendant to commit an offense he or she already intended to commit. *State v. Jordan*, 220 Kan. 110, 116, 551 P.2d 773 (1976).

The record on appeal does not include the trial exhibits—Jones' ad, the 75 e-mail messages, photographs, and stories. Without this

evidence, it is impossible to make a reasoned determination whether Jones' intention was to engage in sexual activity with a child or whether his intention was to engage in sexual activity and the police afforded him the opportunity to engage in sexual activity with a person who happened to purport to be a child.

At oral argument, counsel for appellant responded to the lack of record by stating he did not need to include the e-mails because the witnesses thoroughly testified about the e-mails at trial. Unfortunately, the trial transcript does not support counsel's statement. The trial transcript consists of 59 pages, and the testimony of the witnesses takes up 21 of those pages. Three police officers testified for the State. Two of the officers had nothing to do with the e-mails and did not testify about them. Officer Mellard testified generally about the e-mails. The e-mails were in a notebook marked as Exhibit No. 1 and consisted of 100 pages. Appellant stipulated to the admission of Exhibit No. 1 into evidence. Officer Mellard testified that he represented himself as "Tara" and what he indicated her age to be in the e-mails. H also testified that appellant's initial e-mail, and several thereafter, indicated that appellant wanted a small, slim, waifish female to participate in his fetish. None of the e-mails were read into the record or quoted by Mellard. The appellant did not testify and presented no evidence. The trial judge indicated the significance of the e-mails to his rejection of the entrapment defense in stating, "I reviewed the e-mails initially and then went back through a second time and looked at it, and—let me tell you why I discounted the entrapment to a certain extent."

This court has repeatedly held that an appellant has the burden of furnishing a record that affirmatively shows that prejudicial error occurred in the trial court. Without an adequate record, an appellate court presumes that the action of the trial court was proper. See *State v. Valdez*, 266 Kan. 774, 792, 977 P.2d 242 (1999).

The judgment of the district court is affirmed.