NOT DESIGNATED FOR PUBLICATION

No. 123,517

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN M. BLICK,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed February 18, 2022. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., HILL and GARDNER, JJ.


PER CURIAM: Defendant Steven M. Blick appeals the Sedgwick County District Court's decision not to shorten his lifetime postrelease supervision in conjunction with revoking his probation and ordering him to serve the underlying sentence for one count of attempted indecent solicitation of a child. A district court has the discretion to reduce a defendant's original sentence in a probation revocation hearing. Here, the district court understood its authority, evaluated the circumstances, and chose not to modify Blick's term of postrelease supervision. We find no abuse of discretion and affirm the district court.

1

In 2014, the State charged Blick with one count of electronic solicitation of a person he believed to be between the ages of 14 and 16 years old to engage in an unlawful sex act, a severity level 3 person felony violation of K.S.A. 2013 Supp. 21-5509. The record on appeal indicates Blick advertised on a well-known internet site for a female virgin interested in losing her virginity. A Sedgwick County deputy sheriff responded to the advertisement and in email communications with Blick pretended to be a 15-year-old girl. The charge was based on those exchanges. In reality, the officer was neither a minor nor female. Under the sentencing guidelines, given Blick's lack of any scoreable criminal history, the charge carried a prison sentence of 55 to 61 months with a presumption of incarceration rather than probation and a standard postrelease supervision period of 36 months.

Blick's lawyer worked out an arrangement with the State calling for Blick to plead guilty to an amended charge of attempted indecent solicitation of a child, a severity level 8 person felony violation of K.S.A. 2013 Supp. 21-5508. Under the sentencing guidelines, Blick faced a prison term of seven to nine months with presumptive probation rather than incarceration. But the conviction also required lifetime postrelease supervision. Blick agreed to the deal and entered a plea to the amended charge in May 2015. Two months later, the district court sentenced Blick to 8 months in prison and placed him on probation for 18 months. For purposes of this appeal, nobody disputes Blick understood the implications of the plea, including the period of postrelease supervision that accompanied the crime of conviction.

Again, for this appeal, it suffices to say Blick could not rein in his abuse of alcohol and, as a result, repeatedly violated the terms of his probation. The district court judge who sentenced Blick later revoked his probation and ordered him to serve the underlying prison sentence. Blick's incarceration would then trigger the lifetime postrelease supervision. At the probation revocation hearing, Blick's lawyer asked the district court to shorten the period of postrelease supervision. The district court rejected the request and

seemed to indicate he believed he had no legal authority to modify the postrelease supervision. Blick appealed.

Under K.S.A. 2020 Supp. 22-3716(b)(3)(B)(iii), a district court revoking a criminal defendant's probation may impose the original sentence or a lesser sentence, including a shortened term of postrelease supervision. See *State v. Ardry*, 295 Kan. 733, Syl., 286 P.3d 207 (2012); *State v. McKnight*, 292 Kan. 776, Syl. ¶ 1, 257 P.3d 339 (2011). Based on that law, we affirmed the revocation of Blick's probation but remanded to the district court to consider whether the period of postrelease supervision should be modified. *State v. Blick*, No. 119,383, 2019 WL 5849915 (Kan. App. 2019) (unpublished opinion), *rev. denied* 311 Kan. 1047 (2020).

In the meantime, the district court judge who sentenced Blick and handled the probation revocation retired, so the case was reassigned. On remand, the district court held a hearing and declined Blick's request to reduce the lifetime postrelease supervision. Blick's lawyer indicated Blick had taken significant steps to control his drinking and pointed out that lifetime postrelease supervision would likely inhibit Blick's employment prospects as a trained computer technician and otherwise imposed significant restrictions on him.

In explaining its decision, the district court described its review of the record and, in particular, the circumstances of Blick's plea to the amended charge and the facts underlying the original charge. The district court also acknowledged its legal authority to reduce the period of postrelease supervision. In leaving the lifetime postrelease supervision intact, the district court pointed to Blick's sexually based communications with a person he believed to be a 15-year-old girl as warranting such extended monitoring, consistent with the sentencing statutes.

Blick has now appealed the more recent district court ruling that left his lifetime postrelease supervision undisturbed. On appeal, he contends the district court abused its broad judicial discretion in declining to shorten the postrelease supervision. A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *State v. Darrah*, 309 Kan. 1222, 1227, 442 P.3d 1049 (2019); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

On appeal, Blick does not contend the district court misperceived the relevant law or misunderstood the factual underpinnings of the case. Rather, he submits the decision not to shorten the postrelease supervision period is so off the mark no other district court would have come to the same conclusion. He reprises the arguments his lawyer made to the district court. In addition, he points out that the original charge the State filed against him required a 36-month period of postrelease supervision.

We are unpersuaded. First, the underlying facts, which Blick did not dispute in front of the district court, are generally consistent with the crime of conviction in the sense he did attempt an indecent solicitation of someone he believed to be a minor. So he had a bad intent or mens rea of the sort the Legislature has concluded warrants lifetime postrelease supervision. And he engaged in a culpable act in communicating with the deputy sheriff. Although Blick couldn't have completed the crime because the other person actually was an adult, it wasn't for lack of trying. Moreover, that sort of legal impossibility—based on the ostensible victim not fitting the statutory criteria—does not constitute a viable defense. See K.S.A. 2020 Supp. 21-5301(b); *State v. Jones*, 271 Kan. 201, 202-03, 21 P.3d 569 (2001). Those factors support the district court's conclusion and furnish a sound basis to say the district court would not have been a lone outlier in that decision.

Moreover, Blick made a knowing and informed decision to place himself in a legal circumstance in which he faced potential lifetime postrelease supervision. He opted to plead guilty to a crime that included lifetime postrelease supervision because he was highly likely to be placed on probation. And if he had successfully completed the probation, he would not have been placed on *any* postrelease supervision. By taking that option, Blick avoided likely imprisonment on the original charge for roughly 4 and 1/2 to 5 years followed by 36 months of postrelease supervision.

Figuratively, Blick made a proverbial deal with the devil, but he held success or failure in his own hands. At the start, the plea arrangement offered substantial benefits for Blick, although some of them were conditional. Blick couldn't satisfy the condition—a successful probation—and the arrangement then took on a distinctly unattractive cast for him. The change in Blick's perspective, however, does not furnish a legal ground for escaping the adverse consequences. Likewise, we think more than a few district courts would hold a defendant to his or her plea deal in comparable situations. We find no abuse of the wide discretion afforded the district court in weighing and rejecting Blick's request for a shortened period of postrelease supervision.

Affirmed.