NOT DESIGNATED FOR PUBLICATION

No. 123,896

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THOMAS ALAN BOLITHO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Opinion filed May 27, 2022. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Christopher L. Schneider*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: In this appeal Thomas Alan Bolitho challenges the district court's decision revoking his probation and requiring him to serve his underlying prison sentence. Bolitho claims the district court abused its discretion in doing so. He also challenges the legality of his underlying sentence. We are not persuaded by either claim, and we affirm the district court's ruling.

Bolitho was convicted in New Jersey of criminal sexual contact. He subsequently moved to Wyandotte County, Kansas, where, based upon his New Jersey conviction, he

1

is required to register as a sex offender under the Kansas Offender Registration Act (KORA).

The present controversy arises from charges that he failed to register as a sex offender under KORA. Bolitho was charged with six violations between November 2012 and June 2014 (level 6 person felonies) and 14 aggravated violations between November 2012 and June 2014 (level 3 person felonies). Each count stated a period of 30 days in which Bolitho "did unlawfully fail to report in person four times each year to the registering law enforcement agency."

In December 2014, Bolitho entered into a plea agreement with the State under which he pled guilty to three of the counts of aggravated KORA violations. In exchange the State agreed (1) to dismiss all the remaining counts, (2) to recommend consecutive sentences, and (3) to recommend a dispositional departure to probation. At the plea hearing that followed, the district court found Bolitho guilty of three counts of aggravated KORA violations.

Bolitho was sentenced in January 2015. The presentence investigation report indicated that with his criminal history, Bolitho was subject to presumptive prison. Nevertheless, the district court departed and imposed a suspended 161-month prison sentence with probation for 36 months, followed by 36 months of postrelease supervision.

In August 2015, the State moved to revoke Bolitho's probation, alleging that he failed to report to the probation office for a period of two months, failed to contact his probation officer on seven occasions, failed to submit to drug testing, failed to make payments toward his court costs, and failed to address his outstanding warrants. Bolitho stipulated to violating the terms of his probation, and the district court imposed a 10-day jail sanction. See K.S.A. 2015 Supp. 22-3716(c)(11).

In May 2016, the State moved for the second time to revoke Bolitho's probation based on his failure to report to the probation office for nearly five months, failure to submit to drug testing, and failure to make payments on his court costs and fees. Bolitho stipulated to violating the terms of his probation, and the district court imposed a sanction of 30 days in jail. See K.S.A. 2016 Supp. 22-3716(c)(11). The district court also set aside all orders for costs and fees, excused Bolitho from paying any fees for registration, and set aside any requirement for drug testing as a condition of probation.

In January 2017, the State moved for the third time to revoke Bolitho's probation, based on his failure to report and failure to comply with monthly registration requirements. The district court revoked Bolitho's probation, and Bolitho appealed. A panel of this court reversed the decision of the district court. *State v. Bolitho*, No. 117,918, 2018 WL 3797162 (Kan. App. 2018) (unpublished opinion). The panel also remanded the case with directions that the district court impose one of the intermediate sanctions provided in K.S.A. 2017 Supp. 22-3716(c)(1)(B), (C), or (D). 2018 WL 3797162, at *3. On remand, the district court imposed a 120-day sanction pursuant to K.S.A. 2017 Supp. 22-3716(c)(1)(C) and extended Bolitho's probation for 12 months from the date of the hearing.

In February 2019, the State moved for the fourth time to revoke Bolitho's probation based on his failure to report. The district court imposed a three-day sanction and continued Bolitho on probation. As part of probation, the district court ordered Bolitho to participate in mental health treatment and to submit to a random drug test to determine if drug treatment was necessary.

In May 2019, the State filed its fifth—and the current—motion to revoke Bolitho's probation, claiming that Bolitho failed to report on five occasions, failed to attend a mental health appointment as ordered, and failed to refrain from illegal substances. At the

3

evidentiary hearing, Bolitho's intensive supervision officer testified to Bolitho's failure to report. Bolitho stipulated to the positive drug test, and the State recommended that the court revoke Bolitho's probation. The district court found sufficient evidence to revoke Bolitho's probation and ordered him to serve his underlying prison sentence.

Bolitho's appeal brings the matter to us.

For the first time on appeal, Bolitho claims that his sentence is illegal because the facts presented at the plea hearing did not support the three convictions for aggravated violation of KORA, to which he pled guilty.

Bolitho argues that he pled guilty to failing to register for a time period of 30 days for each count, not for a time period of 180 days for each count. Thus, the facts supported three convictions for simple violations, not aggravated violations, of KORA. A simple violation of KORA is the failure of the offender to comply with the provisions of KORA for a period of 30 days. An aggravated violation of KORA is the failure of the offender to comply with any and all provisions of KORA for a period of more than 180 consecutive days. See K.S.A. 2014 Supp. 22-4903(a) and (b).

Thus, Bolitho claims that his sentence is illegal under K.S.A. 2020 Supp. 22-3504, and he asks us to remand the case for resentencing. He correctly asserts that he can challenge the legality of his sentence for the first time in an appeal from a probation revocation. *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016). An illegal sentence is one that is "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2020 Supp. 22-3504(c)(1); *State v. R.H.*, 313 Kan. 699, 702, 490 P.3d 1157 (2021).

Bolitho does not establish that his sentence falls within any of the categories described in K.S.A. 2020 Supp. 22-3504(c)(1). Though he asserts that his sentence is illegal, in reality he is challenging the sufficiency of the evidence to support his convictions. Our Supreme Court has consistently held that relief under K.S.A. 22-3504 is not the proper procedural vehicle to collaterally challenge the validity of a conviction. See *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013); *State v. Sims*, 294 Kan. 821, 825, 280 P.3d 780 (2012) (motion to correct illegal sentence cannot be used to challenge a defective complaint); *Spencer v. State*, 24 Kan. App. 2d 125, 129, 942 P.2d 646 (1997), *aff'd on other grounds* 264 Kan. 4, 954 P.2d 1088 (1998) (defendant who is originally brought into court on a valid pleading and knowingly enters a plea pursuant to a beneficial plea agreement—even if the defendant pleads guilty to a nonexistent crime— forfeits the right to attack the conviction). Here, Bolitho knowingly and voluntarily pled guilty to three counts of aggravated violation of KORA. Bolitho cannot use K.S.A. 22-3504 to challenge the validity of his pleas and the convictions that followed. Bolitho has failed to demonstrate that his sentence is illegal.

Next, Bolitho claims the district court abused its discretion in revoking his probation and ordering him to serve his underlying sentence. Bolitho was granted probation, a dispositional departure from a presumptive prison sentence. Thereafter Bolitho violated his probation on numerous occasions and received intermediate sanctions under K.S.A. 2020 Supp. 22-3715(c)(1)(B) and (C) before the district court finally revoked his probation and ordered him to serve the underlying sentence.

Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A district court abuses its discretion when it steps outside the legal framework or fails to properly consider statutory standards. *State v. Boldridge*, 289 Kan. 618, 633, 215 P.3d 585 (2009); see K.S.A. 2020 Supp. 22-3716. The burden is on Bolitho

to show that the district court abused its discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Bolitho stipulated to violating the terms of his probation. As such, the district court had the discretion to revoke Bolitho's probation and to order him to serve his underlying sentences. *Coleman*, 311 Kan. at 334. Even so, the district court would have abused its discretion in doing so if its decision had been arbitrary, fanciful, or unreasonable, or based on an error of law or fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Bolitho does not claim there was an error of law or fact, so the issue turns on whether the district court's ruling was arbitrary, fanciful, or unreasonable.

Bolitho does not dispute that the district court had the discretion to revoke his probation. He merely claims that continuing his probation would have been better suited to his individual needs and the needs of the community.

The district court gave Bolitho many chances to comply with the terms of his probation. In 2015, Bolitho was granted probation even though the sentencing guidelines called for a presumptive prison sentence. Over the course of the next four years, Bolitho repeatedly violated the terms of his probation. The interim sanctions he received apparently had no significant effect on his conduct. Despite being given numerous chances to succeed, Bolitho continued to violate the terms of his probation. Bolitho explains this away based on his personal circumstances of being homeless, his drug habit, and his mental health condition. All of this was known to Bolitho when he entered his pleas in anticipation of being granted probation and suggests that he was never a good candidate for probation in the first place. The district court recognized this in finding that it was unlikely that Bolitho would ever successfully complete his term of probation.

Bolitho has failed to support his claim with evidence that the district court abused its discretion, and we find no evidence in the record that the court's decision was

6

arbitrary, fanciful, or unreasonable. Thus, we conclude that the district court did not abuse its discretion in revoking Bolitho's probation and ordering him to serve his underlying sentence.

Affirmed.